UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PITNEY BOWES INC., <br>    *Plaintiff*, <br><br> v. <br><br> ACRO SERVICE CORP., <br>    *Defendant/Third-Party Plaintiff*, <br><br> v. <br><br> VITALITY STAFFING SOLUTIONS, LLC, <br>    *Third-Party Defendant.* | 3:22-CV-337 (OAW) |

## OMNIBUS ORDER

This action is before the court upon the Motion for Leave to File Third-Party Complaint filed by Defendant Acro Service Corporation ("Acro Motion"), *see* ECF No. 31, and the Amended Motion to Modify the Case Management Order[1] filed by Third-Party Defendant Vitality Staffing Solutions, LLC ("Vitality Motion" and, together with the Acro Motion, "Motions"), *see* ECF No. 34.[2] The court has reviewed the Motions and the record in this case and is fully advised in the premises.

This case arises from a contract between Plaintiff and Defendant Acro Service Corporation ("Acro") under which Acro was responsible for providing temporary laborers at certain of Plaintiff's facilities. ECF No. 1 at ¶¶ 14–16. The contract obligated Acro to ensure that all the temporary laborers were legally able to work in this country. *Id.* at ¶¶ 18–19. Acro, in turn, subcontracted to Third-Party Defendant Vitality Staffing Solutions,

---

[1] The Vitality Motion appears to be identical to an earlier motion filed for the same relief, *see* ECF No. 30, except that the amended version includes certain expert discovery deadlines which were not included in the original motion. The court disregards the earlier version of the motion.

[2] In Plaintiff's response to the Motions, it also moved to compel Acro to cooperate in certain depositions. They have resolved that dispute, *see* ECF No. 40, and so the court will not discuss the motion to compel.

1

LLC ("Vitality"), to provide the laborers, and it is alleged that Acro's contractual obligation with respect to checking the legal status of the laborers was "flowed down" to Vitality. *Id.* at ¶¶ 27–30. Plaintiff discovered that some of the leased laborers did not possess the documentation necessary to work in the United States, and this dispute ensued. *Id.* at ¶ 32–33. Plaintiff initiated this action against Acro on March 2, 2022. *Id.* On May 12, 2022, Acro filed a third-party complaint against Vitality. *See* ECF No. 17.

On April 18, 2022, the court issued a general scheduling order that required discovery to be completed by December 31 (some eight months later). *See* ECF No. 13. Vitality waived service on May 16, 2022, *see* ECF No. 19, and answered the third-party complaint on June 15, 2022, *see* ECF No. 23. Discovery proceeded for the next several months. Then, on December 1, 2022, Acro filed the Acro Motion, seeking leave to implead an additional party: Zurich American Insurance Company ("Zurich"), who issued Vitality certain insurance policies under which Acro alleges it was an additional insured party. On the same day, Vitality filed the original version of the Vitality Motion, which it amended on December 11, 2022. *See* ECF Nos. 30 and 34. Vitality seeks an additional four months of time to complete discovery, noting that it joined this action several months after the other parties and did not participate in the drafting of the Local Rule 26(f) report, which became the basis for the court's scheduling order. Plaintiff opposes both Motions.

## I. Acro's Motion Seeking To Implead (Insurer) Zurich

"The decision whether to permit a defendant to implead a third-party defendant is committed to the sound discretion of the trial court." *Chiaravallo v. Middletown Transit Dist.*, No. 3:18-CV-1360 (SRU), 2022 WL 3369722, at *1 (D. Conn. Aug. 16, 2022) (citing

2

*Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)).  And courts should consider several factors, including: "(a) whether the moving party deliberately delayed or was derelict in filing the motion; (b) whether impleading would unduly delay or complicate the trial; (c) whether impleading would prejudice the plaintiff or the third-party defendant; and (d) whether the proposed third-party complaint states a claim upon which relief can be granted."  *Hughes v. Target Brands, Inc.*, No. 3:17-CV-00270 (VAB), 2018 WL 2722460, at *2 (D. Conn. June 6, 2018).

Acro asserts that these factors weigh in favor of granting the motion, but Plaintiff disagrees.  Plaintiff argues that Acro was derelict in seeking to implead Zurich, and that impleader at this point in litigation would cause undue delay.

It is common for insurers to be impleaded in civil actions since it is Rule 14's "primary role" to address questions of indemnification.  *See St. Paul Ins. Co. v. Regal Ware, Inc.*, No. 504CV0276NPMGHL, 2006 WL 8453616, at *3 (N.D.N.Y. May 19, 2006). Consequently, the proposed third-party complaint states a cognizable claim.  Additionally, the court has subject matter jurisdiction over the third-party complaint.  *See Mar-Cone Appliance Parts Co. v. Mangan*, 879 F. Supp. 2d 344, 357 (W.D.N.Y. 2012) ("Third-party claims by defendants for contribution against a third-party under Federal Rules of Civil Procedures 14(a) generally . . . fall within the court's supplemental jurisdiction if the impleaded defendant's actions share a 'common nucleus of operative fact' with the case already before the court.") (quoting *Grimes v. Mazda North American Operations*, 355 F.3d 566, 572 (6th Cir.2004)) (alteration in original).

However, the court finds that Acro has failed to implead Zurich in a reasonably timely manner.  Acro has known since months before this action was initiated that Zurich

3

was a related party. While Acro admits that it first contacted Zurich as early as November 2021, *see* ECF No. 31-1 at 4, it did not seek to implead Zurich until a year later, even as it impleaded a different third-party defendant in March 2022, *see* ECF No. 17. Acro asserts that it was awaiting Zurich's response to its demand letters, but a delay in impleading Zurich was not necessary on that basis. To the contrary, impleading Zurich likely would have forced an earlier response. Moreover, it appears that Zurich responded to Acro's first demand letter in May 2022 (in it, the court presumes Zurich declined Acro's request), but Acro still did not implead Zurich at that time. *See* ECF No. 31-1 at 4. Instead, Acro sent Zurich a second demand letter in August 2022, to which Zurich unsurprisingly again replied in the negative in October 2022. *Id.* Yet Acro still waited another two full months before filing the Acro Motion.

Furthermore, the court finds that impleader would unduly delay and complicate the disposition of this matter. Acro asserts that the duty-to-defend issue could be managed with motion practice alone, but even that motion practice itself would cause a delay of several months, and discovery still could be required on that issue.[3] And if all goes as Acro wishes, and Zurich is required to defend in this action, Zurich likely will require additional time to do its own due diligence, even with respect to just the discovery that Acro has requested of Plaintiff. And while the court acknowledges that there is no ongoing injury to Plaintiff (such that any recovery which may be due to Plaintiff only would be delayed and not compounded), any delay in Plaintiff's potential recovery would negate the conservation of judicial resources which impleader is intended to produce.

---

[3] The court notes that there appears to be an ongoing contract dispute between Vitality and Acro in state court in New Jersey. It is unclear how that contractual dispute might impact the duty to defend that Zurich allegedly owes Acro, but the specter of comity issues presented in the Acro Motion also weighs against allowing impleader.

4

## II. Vitality's Motion To Extend Discovery by Four Months

With respect to the Vitality Motion, the court finds that the third-party defendant appeared in this action two months after the court had issued its scheduling order, and therefore Vitality is entitled to some additional time to complete discovery, particularly as it had no part in the Local Rule 26(f) conference. Further, it appears that Vitality diligently has pursued discovery since it joined this action, and it is not unreasonable for additional discovery to be necessary with respect to the millions of dollars in damages Plaintiff alleges to have sustained. However, the court does not adopt Vitality's proposed deadlines for certain expert discovery that would extend beyond the deadline for all discovery (and even past the deadline for dispositive motions). Thus, the parties are instructed to confer and to set their own interim expert discovery deadlines within the discovery period. However, any requests for further extension likely will be denied.

Accordingly, it is hereupon **ORDERED AND ADJUDGED** as follows:

1. Vitality's original motion for modification of the scheduling order, ECF No. 30, is **DENIED as moot.**

2. The Vitality Motion, ECF No. 34, is **GRANTED in part.**

    a. Discovery shall be completed on or before **April 30, 2023.**

    b. Dispositive motions shall be submitted on or before **June 12, 2023.**[4]

---

[4] The court recognizes that Acro already has filed two motions for summary judgment, *see* ECF Nos. 42 and 43, in accordance with the original scheduling order in this matter. Any responses to these motions shall be filed on or before July 5, 2023. Acro is welcome to file amended motions on or before the new deadline.

    c. The parties' joint trial memorandum shall be filed on or before **August 31, 2023,** if no dispositive motions are filed, or within the time period set by the court upon the disposition of any dispositive motions that are filed.

    d. The parties are instructed to be prepared for jury selection on **August 31, 2023.**

3. The Acro Motion, ECF No. 31, is **DENIED.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 16th day of February, 2023.

                                                    _/s/_
                                    OMAR A. WILLIAMS
                                    UNITED STATES DISTRICT JUDGE